United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 20, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-20191
(Summary Calendar)

CLIFTON STEWART,

Plaintiff-Appellant,

versus

CITY OF BRYAN PUBLIC WORKS,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
H-02-CV-588

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Clifton Stewart ("Stewart"), appeals from the order and final judgment of the

district court dismissing his Title VII claim after the district court granted summary judgment in favor

of the defendant, City of Bryan, Texas ("the City"). The central issue on appeal is Stewart's claim

that the district court erred in granting the defendant's motion for summary judgment. Stewart

argues there exists genuine issues of material fact to preclude granting summary judgment. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we conclude that the district court correctly decided the motion for summary judgment, the order and final judgment dismissing Stewart's Title VII claim are AFFIRMED.

## BACKGROUND

On April16, 2002, Stewart, an African-American male, was terminated from his place of employment with the City of Bryan, Texas, Stewart, for violating the City's strict policy against violence at the work place. The district court found that Stewart was terminated for assaulting Carlos Rodriguez, a co-worker, in the Water Services Division of the Public Works Department. The City alleged that during Stewart's employment it maintained a zero tolerance policy for violence. The record indicates that after an investigation by the City of Bryan's Police Department, Stewart was arrested and charged with criminal assault.[1] Based upon the police investigation, the City terminated Stewart. Stewart subsequently challenged his termination before a municipal disciplinary review board. After the hearing, the board decided to uphold Stewart's termination, and cited a prior infraction by Stewart of raising a threat of violence against a different co-worker, as part of for terminating its reasons him. After Stewart was terminated, the district court found that Stewart's position was temporarily filled by a white male, and that Stewart's position was later temporarily filled by Luis Perez, a Hispanic male. Stanley McMurray, an African-American male, was ultimately permanently picked to take Stewart's position.

On April 18, 2002, Stewart filed charges of race discrimination with the Texas Commission on Human Rights and with the United States Equal Employment Opportunity Commission ("EEOC"). At the time, Stewart was represented by counsel. The charge alleged that the City terminated Stewart on the basis of his race. Stewart was issued a Notice of Right To Sue letter on

---

[1] Stewart was found not guilty after being prosecuted on the assault charge.

July 29, 2002.  On May 23, 2003, Stewart's counsel withdrew as Stewart's trial counsel and Stewart proceeded *pro se*.  Shortly thereafter, Stewart filed this suit in the United States District Court for the Southern District of Texas, alleging that the City discriminated against him on the basis of his race, in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  The City moved for summary judgment contending that Stewart had not made a prima facie showing of race discrimination sufficient to support a claim under Title VII.  Stewart did not respond to the motion for summary judgment.  The district court, thereby, concluded that the motion was unopposed.  The City's motion was granted, and this appeal by Stewart ensued.

## STANDARD OF REVIEW

We review *de novo* a district court's grant of a motion for summary judgment, applying the same standard as the district court did in the first instance.  See Burge v. Parish of St. Tammany, 187 F.3d 452, 465 (5th Cir. 1999).  Summary judgment is appropriate where the moving party establishes "there is no genuine issue of material fact and that it is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden.  Celotex v. Catrett, 477 U.S. 317, 327 (1986).

Once the moving party has carried its summary judgment burden, the opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  This showing requires more than some metaphysical doubt as to the material facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 584-86 (1986).

## DISCUSSION

3

After thorough review of this record, we conclude that Stewart has not made a prima facie showing of race discrimination to prevail on a claim under Title VII of the Civil Rights Act. Stewart's claim that the district court erred in granting the City motion for summary judgment is therefore without merit.

Under the familar McDonnel Douglass burden shifting analysis, a prima facie showing of race or national origin discrimination by an employer is established if the employee demonstrates the following four elements: that the employee (1) belongs to a protected group; (2) was qualified for his position; (3) was dismissed or suffered an adverse employment action; and (4) was replaced with a similarly qualified person who not a member of the employee's protected group. McDonnell Douglas Corporation v. Green, 411 U.S. 793 (1973); see also Peagram v. Honeywell, 361 F.3d 272, 281 (5th Cir. 2004); Celestine v. Petroleos de Venzuella SA, 266 F.3d 343, 354-55 (5th Cir. 2001); Rubinstein v. Administrators of the Tulane Educational Fund, 218 F.3d 392, 399 (5th Cir. 2000). The plaintiff bears the burden of establishing a prima facie showing. 218 F.3d at 399. However, once the plaintiff establishes a prima facie case of discrimination, "the burden shifts to the defendant(s) to articulate some legitimate, non-discriminatory reason for the challenged employment action; if such a showing is made, then the burden shifts back to the plaintiff to demonstrate that the articulated reason was merely a pretext to unlawful discrimination. Id.

The first three elements are not in dispute. The district court correctly concluded that although Stewart established the first three elements of a prima facie case for employment discrimination, Stewart failed to provide sufficient evidence to satisfy the fourth requirement. Stewart failed to respond to the City's motion for summary judgment. The City presented evidence that Stewart's job was temporarily filled by a white person, which was later temporarily filled by a

4

Hispanic male, and then permanently filled by an African-American male. By not responding to the motion, Stewart presented no evidence to rebut the City's assertion that Stewart was not replaced by someone outside Stewart's protected group. As previously stated, to survive a motion for summary judgment, the non-moving party must present sufficient evidence to support the elements of its prima facie case. See Celotex v. Catrett, 477 U.S. at 321-23.

But even were we to find that Stewart presented a prima facie case for race discrimination, the City presented evidence that Stewart was terminated for violations of the its no tolerance policy against violence. Thus, even if the burden had shifted to the City, it proffered a nondiscriminatory reason for terminating Stewart, mainly, that Stewart violated its policy against work-place violence. Stewart's contentions, on the other hand, offered no evidence that the City's "proffered reasons were false, and . . . that the real reason for his discharge was because he was a member of a protected class." Peagram, 361 F.3d at 281. Based on this record, we conclude that a rational fact finder could not find that the City discriminated against Stewart on the basis of race. See Pratt v. City of Houston, Tx., 247 F.3d 601, 606-07 (5th Cir. 2001).

## CONCLUSION

Because the district court's order of summary judgment in favor of the City was proper, the court's subsequent order and final judgment dismissing Stewart's Title VII are affirmed.

AFFIRMED.

5